IN THE UNITED STATES DISTRICT COURT
             FOR THE DISTRICT OF MARYLAND

DUANE DAVID MASON                :

                                 :

    v.                           :   Civil Action No. DKC 16-2011
                                     Criminal No. DKC 10-0625
                                 :
UNITED STATES OF AMERICA
                                 :

**MEMORANDUM OPINION**

Petitioner Duane David Mason pled guilty to sex trafficking of a minor on January 18, 2011. He was sentenced on August 15, 2011 to 120 months imprisonment. During the sentencing hearing, the court found that one of Petitioner's prior convictions qualified as a crime of violence under 4B1.2 of the Sentencing Guidelines. Through counsel, Petitioner filed a Motion to Correct Sentence under 28 U.S.C. § 2255, arguing that, in light of *Johnson v. United States*, 135 S.Ct. 2551 (2015), the "residual clause" in the guidelines was void for vagueness, meaning that the prior conviction was improperly classified as a crime of violence under the guidelines.

The Supreme Court's later decision in *Beckles v. United States*, 137 S.Ct. 886 (2017), held that the advisory sentencing guidelines are not subject to the *Johnson* analysis. Counsel sent letters to Petitioner, seeking his consent to withdraw the petition. When counsel received no response, he filed a motion

for leave to withdraw, which was granted. The Petition, however, remains pending.

Petitioner's only claim is that, under *Johnson*, the residual clause in the sentencing guidelines is void for vagueness. As noted by counsel in his motion to withdraw, this argument is foreclosed by the later Supreme Court decision in *Beckles*. Accordingly, the pending petition is DENIED.

Pursuant to Rule 11(a) of the Rules Governing Proceedings under 28 U.S.C. § 2255, the court is also required to issue or deny a certificate of appealability when it enters a final order adverse to the applicant. A certificate of appealability is a "jurisdictional prerequisite" to an appeal from the court's earlier order. *United States v. Hadden*, 475 F.3d 652, 659 (4th Cir. 2007). A certificate of appealability may issue "only if the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). Where the court denies petitioner's motion on its merits, a petitioner satisfies this standard by demonstrating that reasonable jurists would find the court's assessment of the claim debatable or wrong. *Slack v. McDaniel*, 529 U.S. 473, 484 (2000); *see also Miller-El v. Cockrell*, 537 U.S. 322, 336-38 (2003). Upon review of the record, the court finds that Petitioner does not satisfy the

above standard.  Accordingly, the court will decline to issue a certificate of appealability.

A separate order will be entered.

/s/<br>
DEBORAH K. CHASANOW<br>
United States District Judge